**NIGHT BOX**
**FILED**

**DEC 2 4 1996**

CARLOS JUENKE
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

--------------------------------X
SUPREME INTERNATIONAL CORPORATION, :
                                  :
             Plaintiff,  :
                                  :
      v.                    :
                                  :
ANHEUSER-BUSCH, INC.,        :
                                  :
            Defendant.  :
--------------------------------X

Civil Action No.:

JURY TRIAL DEMANDED

**96-3670**

**CIV-DAVIS**

MAGISTRATE JUDGE
TURNOFF

COMPLAINT FOR
TRADEMARK INFRINGEMENT AND FALSE DESIGNATION
OF ORIGIN, FEDERAL TRADEMARK DILUTION,
AND FLORIDA STATUTORY UNFAIR BUSINESS PRACTICES,
TRADEMARK DILUTION AND COMMON LAW UNFAIR COMPETITION

Supreme International Corporation ("Supreme"), by its
attorneys, for its complaint against Defendant, Anheuser-Busch,
Inc. ("Anheuser-Busch"), alleges as follows:

PARTIES

1.    Plaintiff Supreme is a corporation organized and
existing under the laws of the State of Florida, with its
principal place of business located at 7495 NW 48 Street, Miami,
Florida 33166.

2.    Defendant Anheuser-Busch is, upon information and
belief, a corporation organized and existing under the laws of
the State of Missouri, with its principal place of business
located at One Busch Place, St. Louis, Missouri 63118.

NATURE OF ACTION

3.    This action arises under the trademark laws of the
United States, namely Title 15 of the United States Code (15

U.S.C. §1051 et seq.), and related causes of action under the laws of the State of Florida and is for trademark infringement, trademark dilution and various acts of unfair competition and unfair and deceptive business practices.

<u>JURISDICTION</u>

4.    This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under the Federal Trademark Act) and 28 U.S.C. § 1338 (a) and (b) (acts of Congress relating to trademarks and related claims of unfair competition).

<u>VENUE</u>

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims has taken place and is taking place in this District.

COUNT I
<u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS</u>

6.    Plaintiff Supreme was incorporated in 1967 and is engaged in the business of designing and selling fashion-oriented sportswear, such as sports and dress shirts and casual and dress pants.  Supreme sells its apparel products to a broad spectrum of retailers, including department stores and specialty stores throughout the United States, and is also engaged in the business of licensing its highly recognized brandnames.

7.    On May 22, 1996, Supreme entered into a Purchase and Sale agreement with Munsingwear, Inc., whereby it purchased certain of Munsingwear's assets, including all of the trademarks and of the licensing contracts. By a separate assignment document, Supreme acquired all rights, title and interest in and

to the trademarks of Munsingwear, together with the goodwill attached to said trademarks.  Said assignment document was duly filed with the U.S. Patent and Trademark Office and recorded on September 9, 1996, under Reel No. 1510, Frame 0417.  By reason of the assignment, Supreme is the current owner of the following federal trademark registrations containing the PENGUIN word and the PENGUIN logo (The "PENGUIN trademarks"), as well as all acquired goodwill in said trademarks:

(a.) Registration No. 1,569,866 for a PENGUIN DESIGN, was issued on December 5, 1989 for men's and women's clothing, namely golf shirts, sportshirts, bowling shirts, sweaters, beach jackets, shirts, blouses, socks, hosiery, caps, hats, underwear, t-shirts, long johns, undershirts, pajamas, knit and woven shorts, athletic undershirts, union suits, and briefs, based upon a date of first use in commerce on January 29, 1988.  Section 8 (use) and Section 15 (incontestability) affidavits for this registration have been filed and accepted;

(b.) Registration No. 903,044 for the word PENGUIN was issued on November 24, 1970, and renewed on September 10, 1990, for slacks, walking shorts, sport shirts, and jackets, based upon a date of first use in commerce in June, 1967.  Section 8 (use) and Section 15 (incontestability) affidavits for this registration have been filed and accepted;

(c.) Registration No. 796,003 for a PENGUIN DESIGN, was issued on September 14, 1965, and renewed on December 17, 1985, for men's and boy's socks, based upon a date of first use in commerce on January 25, 1960.  Section 8 (use) and Section 15

(incontestability) affidavits for this registration have been
filed and accepted;

(d.) Registration No. 1,081,853 for a PENGUIN DESIGN,
was issued on January 10, 1978 for men's and boy's underwear,
based upon a date of first use in commerce on August 1, 1976.
Section 8 (use) and Section 15 (incontestability) affidavits for
this registration have been filed and accepted;

(e.) Registration No. 677,017 for a PENGUIN DESIGN, was
issued on April 14, 1959, and renewed on April 14, 1979, for
t-shirts, longies, undershirts, pajamas, knit and woven shorts,
athletic undershirts, union suits, briefs, based upon a date of
first use in commerce on February 21, 1956.  Section 8 (use) and
Section 15 (incontestability) affidavits for this registration
have been filed and accepted;

(f.) Registration No. 952,079 for a PENGUIN DESIGN, was
issued on January 30, 1973, and renewed on January 30, 1993, for
women's sportswear, namely, shirts and blouses, based upon a date
of first use in July, 1960.  Section 8 (use) and Section 15
(incontestability) affidavits for this registration have been
filed and accepted;

(g.) Registration No. 961,376 for  a PENGUIN DESIGN,
was issued on January 19, 1973, and renewed on June 19, 1993, for
stuffed animals, based upon a date of first use in commerce on
March 8, 1972.  Section 8 (use) and Section 15 (incontestability)
affidavits for this registration have been filed and accepted;

(h.) Registration No. 1,034,409 for a PENGUIN DESIGN,
was issued on February 24, 1976, and renewed on February 24,

-4-

1996, for golf balls, based upon a date of first use in commerce in 1969.  Section 8 (use) and Section 15 (incontestability) affidavits for this registration have been filed and accepted;

(i.) Registration No. 1,849,971 for a PENGUIN DESIGN, was issued on August 16, 1994, for clothing, including activewear and sportswear, namely, tops, shirts, t-shirts, sweatshirts, pullover windshirts, sweaters, jackets, blazers, sport coats, skirts, pants, shorts, jogging suits, warm-up suits, training suits and sweatsuits, tennis wear, swimwear, sleepwear, pajamas, robes, underwear, hosiery, footwear, headwear, caps, hats, visors, neckwear, scarves, ties, kerchiefs, gloves, belts and suspenders, based upon a date of first use in commerce on December 9, 1992;

(j.) Registration No. 1,928,826 for PENGUIN CLUB & DESIGN, was issued on October 24, 1995 for clothing, namely men's, women's and children's tops, shirts, skirts, pullover windshirts, pants, shorts, sweat shirts, jackets, hosiery, hats, scarves, gloves, footwear; activewear, namely, jackets, pullover windshirts, sweaters, shirts, skirts, shorts, pants, swimwear, warm-up suits, training suits, sweat suits, sweat shirts, sweat shorts, sweat pants, footwear, hosiery, hats, scarves and gloves and sportswear, namely, shorts, jackets, pullover windshirts, shirts, skirts, pants, warm-up suits, training suits, sweat suits, sweat shirts, sweat shorts, sweat pants, hosiery, hats, scarves, gloves and footwear, based upon a date of first use in commerce on October 29, 1991; and

(k.) Registration No. 1,580,093 for  PENGUIN DESIGN, was issued on January 30, 1990 for golf umbrellas, based upon a date of first use in commerce on January 29, 1989.  Section 8 (use) and Section 15 (incontestability) affidavits for this registration have been filed and accepted.

8.   Copies of the certificates of registration for the above trademarks are attached hereto and made a part hereof as Exhibit A.

9.   Munsingwear, the assignor of Supreme's PENGUIN trademarks, was founded in 1886 and has been, since then, in the business of marketing and licensing sportswear, underwear, sleepwear and furnishings worldwide.

10.   In 1954, Munsingwear introduced for sale in the United States shirts with the logo of a penguin.  Sales of shirts with the penguin logo were an enormous success and the penguin was soon adopted as the company's mascot at a sales meeting. Since that time, the PENGUIN word and the design of a penguin, in several variations, have been continuously and widely used as a trademark for sportswear, most notably on shirts, and have been widely recognized as trademarks.

11.   The shirts with the PENGUIN trademarks have been worn by the most famous names in golf in over 300 championship victories as well as by tens of millions of consumers. Munsingwear has built valuable goodwill and strong consumer recognition for its products through their association with the PENGUIN trademarks.   The PENGUIN trademarks have consistently been used in sports marketing activities, which have included

noted professional golfers, such as Jesper Pernevik, Blaine
McCallister, J.C. Snead and Larry Gilbert.  All of these famous
athletes wore shirts with the PENGUIN trademarks on the PGA and
Senior PGA tours.

12.  Munsingwear also introduced young and future golf
professionals to its Penguin products by supplying shirts bearing
the PENGUIN trademarks to over thirty (30) NCAA college golf
teams.

13.  Considerable sums of money in advertising for
products bearing the PENGUIN trademarks have been spent over the
years.  Products under the PENGUIN trademarks are regularly
featured in print and television advertisements nationwide.

14.  For over 110 years, Munsingwear built consumer
recognition and satisfaction by offering and maintaining the high
quality standards of its products.  The wholesale volume of
Munsingwear branded products exceeded one hundred million dollars
in the United States alone.

15.  Supreme, as the assignee  of Munsingwear and
currently owner of the PENGUIN trademarks, is actively engaged in
the nationwide use, sale and advertisement of the PENGUIN
trademarks.  Attached hereto and made a part hereof as Exhibit B
are examples of advertisements and promotional material for the
PENGUIN trademarks and the products identified by these
trademarks by Munsingwear and Supreme.

16.  On information and belief, Defendant Anheuser-
Busch has been using penguin designs on clothing and clothing-
related goods in mass marketing and in connection with the

promotion of alcoholic products, such as Anheuser-Busch's "Bud Ice" beer, since the beginning of 1996.  One of the infringing uses of Anheuser-Busch includes the mark BEWARE THE PENGUINS with a penguin design which, on information and belief, appears on t-shirts, "polo" shirts, jackets, caps, and sweatshirts, advertised in several catalogs and promotional material, in association with the trademark "Bud Ice". (Copies of pages of the catalogs and promotional material are attached hereto and made a part hereof as Exhibit C).

17.   Plaintiff's use of the PENGUIN trademarks predates any use Anheuser-Busch may have made in connection with the penguin designs.

18.   The unauthorized use by Anheuser-Busch of virtually identical marks to Plaintiff's PENGUIN trademarks on clothing and clothing-related goods is likely to cause confusion and mistake by or deception of purchasers as to the source of origin of the goods.

19.   The unauthorized use by Anheuser-Busch of Plaintiff's trademarks is likely to lead the public to believe that the products bearing the infringing trademarks are associated with, sponsored by, or related to, Supreme and/or Munsingwear.

20.   Plaintiff has no control over the quality of the goods sold by Anheuser-Busch, and because of the confusion engendered by Anheuser-Busch, Plaintiff's valuable goodwill in respect to their trademarks is at the mercy of Defendant.

21.   Furthermore, Anheuser-Busch's unauthorized use and extensive advertising of Plaintiff's trademarks in connection with its own products is likely to cause reverse confusion, by leading the public to believe that Supreme's goods bearing the PENGUIN trademarks originate with, are associated with, are sponsored by, or are related to, Anheuser-Busch.   Such reverse confusion is highly prejudicial to Supreme because of the considerable time and expense employed in building consumer recognition and valuable goodwill for its PENGUIN trademarks.

22.   On December 11, 1996, Supreme's attorneys sent a letter to Anheuser-Busch, demanding that it cease using penguin designs on clothing and clothing-related goods and requesting a response within five (5) business days ("cease and desist" letter).   (A copy of this letter is attached hereto as Exhibit D and made a part hereof).

23.   On information and belief, Anheuser-Busch has continued selling products bearing Plaintiff's trademarks.

24.   The infringement by Anheuser-Busch has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's trademarks.

25.   The goodwill of Plaintiff's business under its trademarks is of enormous value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

26.   Anheuser-Busch's infringement will continue unless enjoined by this Court.   As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect

to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is therefor entitled to injunctive relief.

COUNT II
FALSE DESIGNATION OF ORIGIN
UNDER §43((a)(1)(A) OF THE LANHAM ACT

27.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1-26 herein, inclusive.

28.   Anheuser-Busch's aforesaid activities constitute false designation of origin, which is likely to deceive customers and prospective customers into believing that the products sold by Anheuser-Busch are those of Supreme's, and, as a consequence, are likely to divert customers away from Supreme.

29.   Plaintiff has no control over the nature and quality of the products sold by Anheuser-Busch.  Any fault or defect found with the products sold by Anheuser-Busch will reflect adversely on Supreme as the believed source of origin thereof, hampering efforts by Supreme to continue to protect its outstanding reputation for high quality clothing and clothing-related goods and resulting in the loss of sales thereof and the considerable expenditures to promote its products under its trademarks, all to the irreparable harm of Supreme.

30.   Anheuser-Busch's false designation of origin will continue unless enjoined by this Court.  As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is therefor entitled to injunctive relief.

COUNT III
DILUTION OF TRADEMARKS UNDER §43(C)
OF THE LANHAM ACT

31.   Plaintiff repeats and realleges the allegations
contained in paragraphs 1-30 herein, inclusive.

32.   Anheuser-Busch's unauthorized use of penguin
trademarks is likely to dilute the distinctive quality of
Plaintiff's PENGUIN trademarks.   Supreme sells and intends to
sell its clothing under its PENGUIN trademarks to high-end stores
and its products have and are intended to have a high quality
standard and image.   Anheuser-Busch's use of the penguin designs
is for clothing used in the promotion of its product, Bud-Ice
beer.   Budweiser beers are mass-marketed, standard and
inexpensive beers, which do not have the prestige and costs of
many imported and domestic lagers.   This quality of product does
not project the sophisticated image that Plaintiff seeks for
products sold under the PENGUIN marks.

33.   Anheuser-Busch's unauthorized use of the PENGUIN
trademarks is further likely to dilute Plaintiff's trademarks by
tarnishing the reputation of products associated with the PENGUIN
marks.   The association of Supreme's PENGUIN trademarks with
alcoholic products is extremely prejudicial to Supreme's
reputation, as Supreme does not wish to promote the consumption
of alcoholic beverages, especially to its many consumers who are
younger than the legal drinking age.

34.   Anheuser-Busch's acts of dilution have injured
Plaintiff and will, unless enjoined by the Court, continue to

cause damage to Plaintiff's business reputation and to dilute and tarnish the distinctive quality of Plaintiff's trademarks.

35.   Anheuser-Busch's aforesaid activities constitute a willful and knowing violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).  As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is therefor entitled to injunctive relief.

COUNT IV
FLORIDA STATUTORY DILUTION OF MARKS

36.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-35 herein, inclusive.

37.   Anheuser-Busch's aforesaid activities constitute dilution and tarnishment of the distinctive quality of Plaintiff's trademarks in violation of Florida's anti-dilution statute, Fla. Stat. Ch. 495.151.

38.   Anheuser-Busch's unlawful conduct will continue to damage Plaintiff's business reputation unless enjoined by this Court.  As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is therefor entitled to injunctive relief.

COUNT V
FLORIDA STATUTORY UNFAIR BUSINESS PRACTICES

39.   Plaintiff repeats and realleges the allegations contained in paragraphs 1-38 herein, inclusive.

40.   By committing the acts herein alleged, Anheuser-Busch has been guilty of unfair, dishonest and deceptive

practices in the conduct of its trade within the State of Florida in violation of The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ch. 501.201-213, all to Plaintiffs' irreparable harm.

41.  Anheuser-Busch's unlawful conduct will continue to damage Supreme unless enjoined by this Court.  As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is therefor entitled to injunctive relief.

### COUNT VI
### COMMON LAW UNFAIR COMPETITION

42.  Plaintiff repeats and realleges the allegations contained in paragraphs 1-41 herein, inclusive.

43.  Anheuser-Busch's aforesaid activities constitute unfair competition, misappropriation, and passing-off in violation of the common law of the State of Florida.

44.  Anheuser-Busch's unlawful conduct will continue to damage Plaintiff unless enjoined by this Court.  As a consequence, Supreme has been damaged in an amount to be determined at trial and, with respect to Anheuser-Busch's continuing violations, Plaintiff has no adequate remedy at law and is entitled to injunctive relief.

WHEREFORE, Plaintiff prays:

(a.) That a preliminary and permanent injunction issue restraining Defendant, its agents, servants, employees, successors and assigns, and all others in concert and privity with it, from infringement of Plaintiff Supreme's trademarks,

listed in paragraph 7, items (a) through (k), false designation
of origin of Plaintiff's trademarks, dilution of Plaintiff's
trademarks, injury to Plaintiff's business reputation, unfair
competition with Plaintiff, and engagement in unfair and
deceptive trade practices;

(b.) That Anheuser-Busch be required to account and pay
over to Plaintiff its profits in connection with the sale of
products under the PENGUIN trademarks, and the actual damages
suffered by Plaintiff as a result of Anheuser-Busch's acts of
infringement, false designation of origin, dilution, unfair
competition, and unfair and deceptive trade practices, together
with interest and costs, and that such damages be trebled because
of the willful acts described herein in disregard of Supreme's
known rights as aforesaid;

(c.) That Anheuser-Busch be required to account and pay
over to Plaintiff actual damages suffered by Plaintiff as a
result of the reverse confusion caused by Defendant's unlawful
sales of products bearing Plaintiff's PENGUIN trademarks and a
sum sufficient for Plaintiff to conduct a nationwide advertising
campaign to reverse the impression on consumers created by
Anheuser-Busch's advertising campaign of the PENGUIN trademarks.

(d.) That Anheuser-Busch be ordered to surrender for
destruction all products, labels, advertisements and other
materials constituting infringement of Plaintiff's designations
of origin and trademark registrations;

(e.) That Anheuser-Busch be compelled to pay Plaintiff's attorney's fees, together with all costs of this suit; and

(f.) For such other and further relief as may be just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: December 24, 1996

BROAD AND CASSEL

By: _Virginia Easley Johnson_
Virginia Easley Johnson, P.A.
Miami Center
201 South Biscayne Boulevard
Suite 3000
Miami, Florida 33131
(305) 373-9400
Attorneys for Plaintiff
Supreme International
Corporation

Of Counsel:

Lawrence Kill
Steven Cooper
David A. Einhorn
Cristina A. Carvalho
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 278-1000

ALLSTATE LEGAL  800-222-0510   FORM   RECYCLED

United States Patent and Trademark Office
IC    r Renewal                                    Renews   proved Sep. 10. 1990

## TRADEMARK
## PRINCIPAL REGISTER

### PENGUIN

MUNSINGWEAR, INC. (DELAWARE
  CORPORATION)
P. O. BOX 1369
724 NORTH FIRST ST.
MINNEAPOLIS, MN 55440

OWNER OF U.S. REG. NO. 673,912.

FOR: SLACKS, WALKING SHORTS.
SPORT SHIRTS, AND JACKETS. IN
CLASS 39 (INT. CL. 25).
  FIRST USE 6–0–1967; IN COMMERCE
6–0–1967.

SER. NO. 72-315,942, FILED 1–6–1969.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Oct. 23, 1990.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**796,003**
Registered Sept. 14, 1965

## PRINCIPAL REGISTER
### Trademark

Ser. No. 194,637, filed June 1, 1964



Munsingwear, Inc. (Delaware corporation)
718 Glenwood Ave.
Minneapolis, Minn.

For: MEN'S AND BOYS' SOCKS, in CLASS 39.
First use Jan. 25, 1960; in commerce Jan. 25, 1960.
Owner of Reg. Nos. 673,912 and 677,017.

**COMB. AFF. SEC 8 & 15**

10-1-70

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent Office

Reg. No. 1,081,853
Registered Jan. 10, 1978

## TRADEMARK
### Principal Register



Munsingwear, Inc. (Delaware corporation)
718 Glenwood Ave., Box 1369
Minneapolis, Minn.  55404

For: MEN'S AND BOYS' UNDERWEAR, in CLASS
25 (U.S. CL. 39).

First use on or about Aug. 1, 1976; in commerce Aug.
1, 1976.

Owner of Reg. Nos. 39,655, 1,034,409, and others.

Ser. No. 124,977, filed May 2, 1977.

PAUL F. GAST, Examiner

---

REGISTRATION NO. **1,081,853**     ISSUED *Jan. 10, 1978*

12-C PUB

RECEIPT IS HEREBY ACKNOWLEDGED OF THE AFFIDAVIT FILED
BY *Munsingwear Inc.*

ON *Jan. 9, 1984*

[X] SEC. 8 - AFFIDAVIT ACCEPTED
[X] SEC. 15 - AFFIDAVIT FILED

BY DIRECTION OF THE COMMISSIONER

MAY 1 4 1984                                    bw

DIRECTOR, TRADEMARK EXAMINING OPERATION

FORM PTOL-136 A
(REV. 8-76)

AFFIDAVIT
ACKNOWLEDGMENT

*Dwight H. Oglesby, Law Dept.*
*c/o Munsingwear, Inc.*
*245 Marquette Ave., P.O. Box 1369*
*Minneapolis, Minn.  55440*

U.S. DEPARTMENT OF COMMERCE · PATENT AND TRADEMARK OFFICE

# United States Patent Office

**677,017**
Registered Apr. 14, 1959

## PRINCIPAL REGISTER
### Trademark

Ser. No. 53,183, filed June 9, 1958



Munsingwear, Inc. (Delaware corporation)
718 Glenwood Ave.
Minneapolis, Minn.

For: T-SHIRTS, LONGIES, UNDERSHIRTS, PAJA-
MAS, KNIT AND WOVEN SHORTS, ATHLETIC UN-
DERSHIRTS, UNION SUITS, BRIEFS, in CLASS 39.
First use Feb. 21, 1956; in commerce Feb. 21, 1956.

| | | |
|---|---|---|
| REGISTRATION NO. | ISSUED | APR 14 1959 |
| 677,017 | 12-C PUB | |

RECEIPT IS HEREBY ACKNOWLEDGED OF THE AFFIDAVIT FILED
BY **MUNSINGWEAR, INC.**

ON **APR 20 1964**

| | |
|---|---|
| [X] SEC. 8 - AFFIDAVIT ACCEPTED | |
| [X] SEC. 15 - AFFIDAVIT FILED | BIB |
| BY DIRECTION OF THE COMMISSIONER | |
| MAY 1 - 1964 | |

DIRECTOR. TRADEMARK EXAMINING OPERATION

FORM POL-138 A
3-60

AFFIDAVIT
ACKNOWLEDGMENT

MERCHANT MERCHANT & GOULD
2330 RAND TOWER
MINNEAPOLIS, MINN. 55402

U. S. DEPARTMENT OF COMMERCE - PATENT OFFICE

Int. Cl.: 25

Prior U.S. Cl.: 39

United States Patent and Trademark Office

**Reg. No. 952,079**

Registered Jan. 30, 1973

10 Year Renewal

Renewal Term Begins Jan. 30, 1993

## TRADEMARK
## PRINCIPAL REGISTER



MUNSINGWEAR, INC. (DELAWARE CORPORATION)
SUITE 400
8000 WEST 78TH STREET
MINNEAPOLIS, MN 55439

OWNER OF U.S. REG. NO. 673,912.

FOR: WOMEN'S SPORTSWEAR— NAMELY, SHIRTS [AND BLOUSES], IN CLASS 39 (INT. CL. 25).

FIRST USE 1-0-1960; IN COMMERCE 7-0-1960.

SER. NO. 72-403,961, FILED 9-30-1971.



*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 11, 1993.*

**COMMISSIONER OF PATENTS AND TRADEMARKS**

Int. Cl.: 28

Prior U.S. Cl.: 22

Reg. No. 961,376

**United States Patent and Trademark Office**

Registered June 19, 1973

10 Year Renewal

Renewal Term Begins June 19, 1993

## TRADEMARK
## PRINCIPAL REGISTER



MUNSINGWEAR, INC. (DELAWARE CORPORATION)
8000 W. 78TH STREET, SUITE 400
MINNEAPOLIS, MN 55439

OWNER OF U.S. REG. NOS. 673,912, 677,017 AND 903,044.

FOR: STUFFED ANIMALS, IN CLASS 22 (INT. CL. 28).

FIRST USE 3-8-1972; IN COMMERCE 3-8-1972.

SER. NO. 72-425,819, FILED 5-30-1972.

*...ony whereof I have hereunto set my hand ...used the seal of The Patent and Trademark ...fice to be affixed on Nov. 2, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

file

Int. Cl.: 28

Prior U.S. Cl.: 22

**United States Patent and Trademark Office**

10 Year Renewal

Reg. No. 1,034,409

Registered Feb. 24, 1976

Renewal Term Begins Feb. 24, 1996

## TRADEMARK
## PRINCIPAL REGISTER



DOCKETED

MUNSINGWEAR, INC.   (DELAWARE CORPORATION)
8000 WEST 78TH STREET
MINNEAPOLIS, MN 55439

OWNER OF U.S. REG. NOS. 673,912, 961,376 AND OTHERS.

FOR: GOLF BALLS, IN CLASS 28 (U.S. CL. 22).

FIRST USE 0-0-1969; IN COMMERCE 0-0-1969.

SER. NO. 73-049,330, FILED 4-14-1975.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on July 23, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Renewal deadline
2-24-06  vpm

Int. Cl.: 25

Prior U.S. Cl.: 39



United States Patent and Trademark Office

Reg. No. 1,849,971
Registered Aug. 16, 1994

## TRADEMARK
### PRINCIPAL REGISTER



MUNSINGWEAR, INC. (DELAWARE CORPO-
RATION)
8000 W. 78TH STREET
SUITE 400
MINNEAPOLIS, MN 55439

FOR: CLOTHING, INCLUDING AC-
TIVEWEAR AND SPORTSWEAR; NAMELY,
TOPS, SHIRTS, T-SHIRTS, SWEATSHIRTS,
PULLOVER WINDSHIRTS; SWEATERS; JACK-
ETS; BLAZERS, SPORT COATS; SKIRTS,
PANTS, SHORTS, JOGGING SUITS, WARM-UP
SUITS, TRAINING SUITS AND SWEATSUITS;
TENNIS WEAR; SWIMWEAR; SLEEPWEAR,
PAJAMAS, ROBES; UNDERWEAR; HOSIERY;
FOOTWEAR; HEADWEAR, CAPS, HATS,
VISORS; NECKWEAR, SCARVES, TIES, KER-
CHIEFS; GLOVES, BELTS, SUSPENDERS, IN
CLASS 25 (U.S. CL. 39).

FIRST USE 9-18-1992; IN COMMERCE
12-9-1992.

OWNER OF U.S. REG. NOS. 673,912, 1,569,866
AND OTHERS.

SER. NO. 74-451,688, FILED 10-28-1993.

ROBERT C. CLARK JR., EXAMINING ATTOR-
NEY

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 1,928,826**

## United States Patent and Trademark Office

Registered Oct. 24, 1995

### TRADEMARK
### PRINCIPAL REGISTER





MUNSINGWEAR, INC. (DELAWARE CORPO-
RATION)
8000 W. 78TH STREET
SUITE 400
MINNEAPOLIS, MN 55439

FOR: CLOTHING, NAMELY MEN'S,
WOMEN'S AND CHILDREN'S TOPS, SHIRTS,
SKIRTS, PULLOVER WINDSHIRTS, PANTS,
SHORTS, SWEAT SHIRTS, JACKETS, HO-
SIERY, HATS, SCARVES, GLOVES, FOOT-
WEAR; ACTIVEWEAR, NAMELY JACKETS,
PULLOVER WINDSHIRTS, SWEATERS,
SHIRTS, SKIRTS, SHORTS, PANTS, SWIM-
WEAR, WARM-UP SUITS, TRAINING SUITS,
SWEAT SUITS, SWEAT SHIRTS, SWEAT
SHORTS, SWEAT PANTS, FOOTWEAR, HO-
SIERY, HATS, SCARVES AND GLOVES; AND
SPORTSWEAR, NAMELY SHORTS, JACKETS,
PULLOVER WINDSHIRTS, SHIRTS, SKIRTS,
PANTS, WARM-UP SUITS, TRAINING SUITS,
SWEAT SUITS, SWEAT SHIRTS, SWEAT
SHORTS, SWEAT PANTS, HOSIERY, HATS,
SCARVES, GLOVES AND FOOTWEAR, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-29-1991; IN COMMERCE
10-29-1991.

OWNER OF U.S. REG. NOS. 903,044, 1,569,866
AND OTHERS.

SER. NO. 74-237,323, FILED 1-13-1992.

SUSAN LEE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,569,866
Registered Dec. 5, 1989

## TRADEMARK
### PRINCIPAL REGISTER



MUNSINGWEAR, INC. (DELAWARE CORPO-
RATION)
P.O. BOX 1369
724 NORTH FIRST STREET
MINNEAPOLIS, MN 55440

FOR: MEN'S AND WOMEN'S CLOTHING,
NAMELY GOLF SHIRTS, SPORTSHIRTS,
BOWLING SHIRTS, SWEATERS, BEACH JACK-
ETS, SHIRTS, BLOUSES, SOCKS, HOSIERY,
CAPS, HATS, UNDERWEAR, T-SHIRTS, LONG

JOHNS, UNDERSHIRTS, PAJAMAS, KNIT AND
WOVEN SHORTS, ATHLETIC UNDERSHIRTS,
UNION SUITS, AND BRIEFS, IN CLASS 25 (U.S.
CL. 39).

FIRST USE 1-29-1988; IN COMMERCE
1-29-1988.

SER. NO. 791,911, FILED 4-7-1989.

SANDRA FARRAH, EXAMINING ATTORNEY



Int. Cls.: 18, 24 and 28

Prior U.S. Cls.: 22, 41 and 42

# United States Patent and Trademark Office

Reg. No. 1,580,093
Registered Jan. 30, 1990

## TRADEMARK
### PRINCIPAL REGISTER



MUNSINGWEAR, INC. (DELAWARE CORPO-
RATION)
P.O. BOX 1369
724 NORTH FIRST STREET
MINNEAPOLIS, MN 55440

FOR: GOLF UMBRELLAS, IN CLASS 18 (U.S.
CL. 41).
FIRST USE 1-29-1989; IN COMMERCE
1-29-1989.
FOR: GOLF TOWELS, IN CLASS 24 (U.S. CL.
42).

FIRST USE 1-29-1989; IN COMMERCE
1-29-1989.

FOR: GOLF BALLS AND GOLF TEES, IN
CLASS 28 (U.S. CL. 22).

FIRST USE 1-29-1989; IN COMMERCE
1-29-1989.

SER. NO. 73-796,831, FILED 5-1-1989.

SANDRA FARRAH, EXAMINING ATTORNEY



CLUB HEAD COVERS

GOLF BAG TRAVEL COVER

14 " STUFFED PENGUIN

# NORMAN RULES WORLD SERIES PLAYOFF



Golf World

®

INTERNATIONAL NEWS ᴊBLICATION • SEPTEMBER 1, 1995 • $2.95

# Back
## TO
# Back

**Tiger Woods Captures His
Second Straight U.S. Amateur**

# EVEN THE
# GOLF SHIRT
# HAS A HISTORY.

In 1954, an apparel manufacture,

created the original knit golf shirt.

The polo shirt, ensures golfer's free-

dom of movement for rigorous play.

This easy care shirt was also the first

product to be embroidered with an

identifiable logo, a penguin.

The Grand Slam brand was born.


Now 42 years later, the original golf

shirt begins a new chapter in it's

history. Newly acquired by Supreme

International, a Miami based casual

sportswear company, the Penguin is

now a part of South Florida's history.



## GRAND SLAM®

Munsingwear, a division of Supreme International.
For additional information please
contact us at 305-592-2830
A NASDAQ company: SUPI

# GOLF JACKETS



Fashion styling and colouring.

Comfortable loose fit.

Peached polyester cotton
construction for softness and
durability.

Waterproof fabric.

Elastic waist.

PENGUIN EMBOSSED AMARA ▼

| B | TRUE NAVY | |
| B | PINEHURST | |
| B | BLACK | |

M – L – XL – XXL

MODEL 1 60584

| B C | TRUE NAVY | |
| B C | POPPY RED | |
| B C | PINEHURST | |

M – L – XL – XXL

MODEL 2 60587

| BODY | TRUE NAVY | |
| SLEEVE | PINEHURST | |
| INSIDE COLOUR | THORN | |

MODEL 3 60500
OPTION 1

| BODY | PINEHURST | |
| SLEEVE | THORN | |
| INSIDE COLOUR | TRUE NAVY | |

M – L – XL – XXL

MODEL 3 60500
OPTION 2

3

CONCEALED
NYLON HOOD

# WINDSHIRTS



Loose fitting, light weight peached nylon construction.

Comfortable knit collar, cuffs and bottom.

Windproof, water repellent.

Side pockets, eyelets for ventilation.

Washable.

PENGUIN EMBROIDERY ▼

MODELS

④ 165554 lined
⑤ 6591 unlined
⑥ 65590 lined

| TRUE NAVY |
| BLACK |
| PINEHURST |

M — L — XL — XXL

Also available in prints.

# PACKABLE JACKET AND PENGUIN RAIN SUIT



Loose fitting polyurethane coated nylon construction.
Water resistant.
Jacket folds up into pocket for portability and storage.
Drawstring at waist and hood.

PLEASE CIRCLE COLOR POINTING ▼

YELLOW

TRUE NAVY

PINEHURST

POPPY RED

BLACK

M — L — XL — XXL

MODEL # 65596 • MODEL # 65597
PACKABLE JACKET · RAINSUIT

Eyelets for ventilation.
Full zip front and concealed hood in collar.
Belt loops or hand strap for portability.

Redstone Fashions Inc.
1172 Main Street
Champlain, NY 12919

Toll Free        800 500 0654
Telephone    518 298 4111
Fax                 518 298 4113

# BIRDIE WATCHERS

partner, the joke's on us. But what we really want to point out is that they are both wearing Munsingwear golf shirt 2842. An especially fashionable design. In light cotton mesh. Next time you're out for birdie watching, try it. $5.95.

Dow's friend is employed in the new Bob Hope movie, "I'll Take Sweden," an Edward Small Production for United Artists release.











ry hole.







## Golfers prefer birdies.



Since 1955, no golf shirt has been more universally preferred by pros and amateurs than the classic
Grand Slam® Penguin shirt. This year we're introducing new designs and offering our Grand Slam Tour™ line
exclusively to golf shops. Call 1-800-336-5002 for details about the one and only Penguin shirt.

### THE GRAND SLAM® COLLECTION

© 1995 Munsingwear, Inc.



# If golf had a mascot, he'd be it.



Since 1955, no golf shirt has been more universally preferred by pros and amateurs than the classic Grand Slam® Penguin shirt. This year we're introducing new designs and offering our Grand Slam Tour™ line exclusively to golf shops. Call 1-800-336-5002 for details about the one and only Penguin shirt.

## THE GRAND SLAM® COLLECTION

© 1993 Munsingwear, Inc.



# The golfer's tattoo.



Since 1955, no golf shirt has been more universally preferred by pros and amateurs than the classic Grand Slam® Penguin shirt. This year we're introducing new designs and offering our Grand Slam Tour™ line exclusively to golf shops. Call 1-800-336-5002 for details about the one and only Penguin shirt.

## THE GRAND SLAM® COLLECTION

©1989 Munsingwear, Inc

PENGUIN
*SPORT*™



PENGUIN
*SPORT*™



34R

34R

STYLE·          COLOR
130-67710      CNV

34R

0  30672  4687





PENGUIN
*SPORT*™

# Hangtags and Labels















Exhibit C

ALL-STATE® LEGAL · 800-222-0510 · 82R41 · RECYCLED





# PENGUIN
# GEAR

Below are some of the items that can be ordered from the catalog. To select an item for your shopping cart, you click on the size that you want. If a color choice is given, select the color before you click on the size.



### Promo T-Shirt
New penguins' graphics and "Dooby Dooby Doo" screened on front of cotton t-shirt.
Available. 
SH4770. $10.00 each

### Necktie
Penguin motif screened on 100% pure silk tie.

N6228. $25.00 each.



### Two Tone Cap
Relaxed fit two tone cap has penguins' graphics embroidered on front and "Dooby Dooby Doo" across back.
Available.
H2027. $18.00 each

Tuesday, November 19, 1996                                    11:53 AM

ALL-STATE LEGAL 800 222-0510   (CM81)   RECYCLED

# ANDERSON KILL & OLICK, P.C.

ATTORNEYS AND COUNSELLORS AT LAW

1251 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10020-1182
(212) 278-1000
FAX: (212) 278-1733

WRITER'S DIRECT LINE:

December 11, 1996

VIA FEDERAL EXPRESS

Anheuser-Busch Companies, Inc.
One Busch Place
St. Louis, Missouri 63118

Attention: Frank Hellweg, Esq.

Re:   Infringement of Registered **PENGUIN** Trademarks

Dear Sirs:

Our firm serves as intellectual property counsel to
Supreme International Corporation ("Supreme"), which is the
assignee of Munsingwear, Inc. Our client is the owner of a
family of PENGUIN and PENGUIN DESIGN trademarks, all registered
in the U.S. Patent and Trademark Office, as follows:

| Trademark | Registration No. | Class | Reg. Date |
|---|---|---|---|
| PENGUIN DESIGN | 673,912 | 25 | 2/10/59 |
| PENGUIN DESIGN | 677,017 | 25 | 4/14/59 |
| PENGUIN DESIGN | 796,003 | 25 | 9/14/65 |
| PENGUIN | 903,044 | 25 | 11/24/70 |
| PENGUIN DESIGN | 961,376 | 28 | 6/19/73 |
| PENGUIN DESIGN | 952,079 | 25 | 1/30/73 |
| PENGUIN DESIGN | 1,034,409 | 28 | 2/24/76 |
| PENGUIN DESIGN | 1,081,853 | 25 | 1/10/78 |
| PENGUIN DESIGN | 1,116,035 | 28 | 4/3/79 |
| PENGUIN DESIGN | 1,569,866 | 25 | 12/5/89 |
| PENGUIN DESIGN | 1,580,093 | 18,24,30 | 1/30/90 |
| PENGUIN DESIGN | 1,849,971 | 25 | 8/16/94 |
| PENGUIN CLUB & DES. | 1,928,826 | 25 | 10/24/95 |

Supreme's family of PENGUIN trademarks is used on,
and registered for, clothing, sporting goods and toys including,
among others, t-shirts, sport shirts, shorts and jackets.

NY2-87652.

ANDERSON KILL & OLICK, P.C.

Frank Hellweg, Esq.                                    December 11, 1996
Re: PENGUIN
Page 2


          Our client has acquired substantial goodwill in its
PENGUIN trademarks, due to the extensive and continuous use and
advertising of these marks throughout the United States for
almost forty (40) years.

          It has recently come to our attention that Anheuser-
Busch has been using penguin designs on clothing and clothing-
related goods, including the mark BEWARE THE PENGUINS with a
penguin design. It has also come to our attention that Anheuser-
Busch has applied for federal registration of penguin designs
with the U.S. Patent and Trademark Office.

          Your unauthorized use of penguin trademarks, which are
virtually identical trademarks to our client's family of PENGUIN
trademarks, for the same and related goods, is causing confusion
or mistake in the minds of the public and is leading the public
to believe that your infringing trademarks are associated with,
sponsored by, or related to, our client's trademarks.  Such use
constitutes an infringement of Supreme's federally registered
trademarks.

          In addition, your unauthorized use of penguin
trademarks is likely to dilute the distinctive quality of our
client's family of PENGUIN trademarks, in violation of the
Federal Trademark Dilution Statute.  Your use of the infringing
trademarks is likely to further dilute our client's family of
PENGUIN trademarks by tarnishing its reputation.  We are aware
that Anheuser-Busch's use of the infringing trademarks is in
connection with alcoholic products, such as "Bud Ice" beer.  The
association of Supreme's PENGUIN trademarks with alcoholic
products is extremely prejudicial to our client's reputation,
since Supreme does not wish to promote the use of alcoholic
beverages, including its consumers who are younger than 21 years
of age.

          For all of the above reasons, we demand that you
immediately cease and desist from using the penguin trademarks
and any and all variations of penguin designs for clothing,
clothing-related goods or any other related goods.  In addition,
we demand that you take the following actions:

               (a)   Immediately recall and remove from the market
                     all products bearing the trademarks BEWARE
                     THE PENGUINS and all other penguin designs;


NY2-87652

ANDERSON KILL & OLICK, P.C.

Frank Hellweg, Esq.                    December 11, 1996
Re: PENGUIN
Page 3

  (b) Immediately recall and remove from the market
all advertising, promotional or any other
materials used by you bearing the trademarks
BEWARE THE PENGUINS and all other penguin
designs;

  (c) Provide to this office all such products,
advertising, promotional or any other
materials offered for sale or used by you
which bear the trademarks BEWARE THE PENGUINS
and all other penguin designs;

  (d) Provide to this office an accurate inventory
of (i) merchandise bearing these trademarks
which is currently held in stock by your
company and (ii) merchandise bearing these
trademarks which has already been sold by
your company; and

  (e) Provide to this office a complete listing of
buyers and retailers which your company is
currently soliciting for purchase of products
bearing these trademarks as well as a
complete listing of buyers and retailers
which have sold products bearing these
trademarks.

  In addition, we demand that you expressly withdraw your
application for registration of the penguin design trademarks
which have been filed with the U.S. Patent and Trademark Office,
and provide this office with a copies of such withdrawal.

  Unless we receive a written response to this letter
within five (5) business days, our client has authorized us to
pursue additional legal action including, but not limited to,
seeking injunctive relief, monetary damages, and attorneys' fees
as a result of your willful and continuing acts of infringement,
dilution and unfair competition.

       Very truly yours,

LK:mz        Lawrence Kill

NY2-87652.

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SUPREME INTERNATIONAL CORPORATION

## DEFENDANTS
96 - 3670
CIV-DAVIS

ANHEUSER-BUSCH, INC.

MAGISTRATE JUDGE
TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  St. Louis. MO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A DADE  96CV 3670/CBD/WCT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Virginia Easley Johnson, P.A.
201 S. Biscayne Boulevard, #3000
Miami, Florida 33131   TEL: 305-373-9400

**(d)** Circle County where action arose: Dade, Collier, Monroe, Broward, Glades, Palm Beach, Hendry, Martin, St. Lucie, Indian River, Okeechobee, Highlands

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

IVa. 14-17  days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT (A) | TORTS (A) | | FORFEITURE/PENALTY (B) | BANKRUPTCY (A) | OTHER STATUTES (A) |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS (A)** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 620 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 630 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| A/B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | B ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR (A)** | ☐ 850 Securities/Commodities/Exchange |
| A/B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY (B)** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY (A)** | **CIVIL RIGHTS (A)** | **PRISONER PETITIONS (B)** | ☐ 740 Railway Labor Act | ☐ 863 DIWC (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | |
| B ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS (A)** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | A/B ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 555 Category A or B | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

## VII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 12/24/96

SIGNATURE OF ATTORNEY OF RECORD  Virginia Easley Johnson

6 [?]990
12/26/96  $150.00

UNITED STATES DISTRICT COURT